UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>STACCATO POWELL, and SHEILA QUINTANA,<br><br>  Defendants. | Case No. 22-cr-00003-JSW-1<br><br>**ORDER GRANTING, IN PART, MOTION FOR DISCLOSURE OF GRAND JURY MATERIALS**<br><br>Re: Dkt. No. 93 |

This matter comes before the Court upon consideration of the motion for disclosure of grand jury materials filed by Defendant Staccato Powell ("Powell") and joined by Defendant Sheila Quintana ("Quintana"). (*See* Dkt. Nos. 97, 111.)[1] The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it GRANTS, IN PART, the motion for disclosure.

## BACKGROUND

On January 22, 2022, a Grand Jury returned an Indictment charging Powell and Quintana with one count of conspiracy to commit wire fraud and mail fraud, in violation of 18 U.S.C. section 1349, and with two counts of wire fraud, in violation of 18 U.S.C. section 1343. Powell also is charged with one count of mail fraud, in violation of 18 U.S.C. section 1341. These charges arise from allegations that Powell and Quintana concocted a scheme to defraud congregations of the African Methodist Episcopal Zion Church ("AME Zion"). Defendants have moved to dismiss the Indictment on the basis that it violates their rights under the Establishment

---

[1] Powell's motion for disclosure is combined with a motion to suppress bank records the Government obtained through the use of a grand jury subpoena. Quintana does not join in that portion of the motion, and the Court will resolve that issue in a separate order.

1   and Free Exercise Clauses of the First Amendment, which the Court will address in a separate
2   order.  In this motion, they ask the Court to order the Government to disclose evidence and
3   testimony presented to the Grand Jury as well as instructions given to the grand jury.
4   The Court will address additional facts as necessary in the analysis.

## ANALYSIS

6   "The proper functioning of our grand jury system depends upon the secrecy of grand jury
7   proceedings." *Douglas Oil of Calif. v. Petrol Stops NW*, 441 U.S. 211, 218 (1979).  Thus, subject
8   to certain exceptions, the Government is not permitted to disclose "a matter occurring before the
9   grand jury." Fed. R. Crim. P. 6(e)(2)(B)(iv).  The Court "may authorize disclosure --at a time, in a
10  manner, and subject to any other conditions that it directs--of a grand-jury matter: (i) preliminarily
11  to or in connection with a judicial proceeding; [or] (ii) at the request of a defendant who shows
12  that a ground may exist to dismiss the indictment because of a matter that occurred before the
13  grand jury[.]"  Fed. R. Crim. P. 6(e)(2)(E)(i)-(ii).
14  "[M]inisterial" records or materials relating to the grand jury are not covered by Rule
15  6(e)'s requirement of secrecy.  *See In re Special Grand Jury,* 674 F.2d 778 (9th Cir. 1982); *see
16  also United States v. Diaz*, 236 F.R.D. 470, 477 (N.D. Cal. 2006).  However, when a party seeks
17  disclosure of non-ministerial matters, that party must be able to show a "particularized need" for
18  the material and show that "the need for disclosure is greater than the need for continued secrecy."
19  *Douglas Oil*, 441 U.S. at 221-22.  "Mere unsubstantiated, speculative assertions of improprieties
20  in the proceedings do not supply the 'particular need' required to outweigh the policy of grand
21  jury secrecy." *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980) (internal quotation
22  and citations omitted).
23  The Government does not oppose the request to disclose transcripts of grand jury
24  testimony and attendant exhibits, if the Court authorizes that disclosure.  The Court authorizes
25  disclosure of those materials and GRANTS Defendants' motion in part.  The Government shall
26  turn those materials over to the Defendants by no later than July 5, 2024.
27  Defendants also argue they are entitled to the instructions given to the grand jury on the
28  basis that they are "ministerial records."  Alternatively, they argue they have shown a

particularized need for the instructions.  Neither the Supreme Court nor the Ninth Circuit have directly addressed whether legal instructions given to the grand jury qualify as ministerial records.  *See, e.g., United States v. Crider,* No. 21-cr-1364-JAH, 2021 WL 4226149, at *9 (S.D. Cal. Sept. 15, 2021).  It has noted that "proceedings before the grand jury are secret, but the ground rules by which the grand jury conducts those proceedings are not."  *United States v. Alter,* 482 F.2d 1016, 1029 n. 21 (9th Cir. 1973).

Although *Alter* was decided over 50 years ago, district courts remain split on whether to classify the legal instructions given to a grand jury as ministerial.  *See Crider*, 2021 WL 4226149, at *9 (noting split); *United States v. Pac. Gas & Elec. Co.*, No. 14-cr-175, 2015 WL 3958111, at *12-13 (N.D. Cal. June 29, 2015) (same) ("*PG&E*").  In *United States v. Belton,* the court determined that legal instructions are the type of ground rules contemplated by *Alter* and granted a defendant's request for disclosure.  No. 14-cr-30-JST, 2015 WL 1815273, at *3 (N.D. Cal. April 21, 2015); *see also United States v. Talao*, No. 97-cr-297-VRW, 1998 WL 1114043, at *12 (N.D. Cal. Aug. 14, 1998).  The *Belton* court reasoned disclosing those instructions would not reveal "the substance of the grand jury's deliberative process or other information that would compromise the secrecy that Rule 6 seeks to protect."  2015 WL 1815273, at *3.  In contrast, in *United States v. Stepanyan,* the court rejected the defendant's argument that under *Alter*, it was not necessary to show a particularized need for the instructions.  No. 15-cr-234-CRB (JSC), 2016 WL 4398281, at *2  (N.D. Cal. Aug. 8, 2016).  The *Stepanyan* court reasoned that, in *Alter*, the Ninth Circuit ordered disclosure of the *court's* instructions to the grand jury not the government's instructions.  *Id.*

In *Crider*, the court concluded that resolution of the issue depends on the content of the instructions.  Therefore, it ordered the government to produce the instructions for *in camera* review.  2021 WL 4226149, at *10.  Similarly, in *PG&E,* the court concluded that *in camera* review was appropriate because it was "impossible to know at the outset whether instructions can be disclosed without compromising the secrecy of the grand jury's deliberations."  2015 WL 3958111, at *13; *see also United Sates v. Ramirez-Ortiz*, No. 20-CR-2667-GPC, 2021 WL 1662441, at *9 (S.D. Cal. April 28, 2021) (ordering *in camera* review to make determination).

3

1  The Court finds the approach taken by this line of cases most persuasive. Defendants' request is
2  not limited to the charge the Grand Jury received when it was empaneled. As a result, it is
3  possible that legal instructions given to the Grand Jury, if any, were intertwined with the
4  Government's overall presentation. *See, e.g., Crider,* 2021 WL 4226149, at *10.
5        Accordingly, by no later than July 5, 2024, the Court ORDERS the Government to produce
6  to the Court for *in camera* review "all records of the legal instructions it gave to the grand jury,
7  including copies of any documents and transcript excerpts containing such instructions and
8  explanations." *PG&E,* 2015 WL 3958111, at *13. After the Court has reviewed those materials,
9  it will make a determination on whether those materials should be produced to the Defendants.
10       **IT IS SO ORDERED**.
11  Dated: June 18, 2024

_____
JEFFREY S. WHITE
United States District Judge