UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STACCATO POWELL,<br><br>Defendant. | Case No. 22-cr-00003-JSW-1<br><br>**ORDER DENYING MOTION TO SUPPRESS BANK RECORDS OBTAINED BY GRAND JURY SUBPOENA**<br><br>Re: Dkt. No. 93 |

This matter comes before the Court upon consideration of the motion to suppress filed by Defendant Staccato Powell ("Powell"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it DENIES Powell's motion.

### ANALYSIS[1]

Powell has been charged with conspiracy, wire fraud, and mail fraud. During the course of the Government's investigation it obtained his personal bank records through grand jury subpoena.[2] Powell argues this violates his rights under the Fourth Amendment, which prohibits unreasonable searches and seizures. U.S. Const. amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]"). In order to establish a Fourth Amendment violation, Powell must be able to show he had a reasonable expectation of privacy in the bank records at issue. The Government argues

---

[1] The Court has outlined the charges against Powell in other orders and will not repeat them here, except as necessary to the analysis.

[2] Powell filed one excerpt of the bank records with his reply brief. Based on the excerpt he has filed and the argument he makes in support of the motion, the Court concludes it can resolve the motion without reviewing the remaining records.

he does not and that *United States v. Miller* conclusively resolves the issue in its favor . 425 U.S. 435 (1976). Powell argues that because of the realities of modern banking, the issue is not so cut and dry. He urges the Court to follow the Supreme Court's reasoning in *Carpenter v. United States* to find the Government was required to obtain the records using a warrant supported by probable cause. 585 U.S. 296 (2018).

The Supreme Court "has held repeatedly that the Fourth Amendment does not prohibit … obtaining information revealed to a third party and conveyed by him to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed." *Miller,* 425 U.S. at 443. In *Miller*, the government, as it did here, obtained the defendant's bank records using a grand jury subpoena. The Supreme Court upheld the district court's decision to deny the defendant's motion to suppress. The Court considered the nature of the records and reasoned they were not "confidential communications but negotiable instruments to be used in commercial transactions." *Id.* It also reasoned that the content of the records was "information voluntarily conveyed to the banks and exposed to their employees in the ordinary course of business." *Id.* Applying the third-party doctrine, the Court held that the government did not intrude on defendant's Fourth Amendment rights. *Id.* at 443.

Over forty years later, the Court considered the third party doctrine in the context of a wireless carrier's records of the defendant's cell-site location information. 585 U.S. at 306. The Court began its analysis by noting that "[a]s technology has enhanced the Government's capacity to encroach upon areas normally guarded from inquisitive eyes, this Court has sought to assure preservation of that degree of privacy against government that existed when the Fourth Amendment was adopted." *Id.* at 305 (cleaned up). It then noted that "requests for cell-site records lie at the intersection of two lines of cases." *Id.* The first line of cases recognized an individual's "expectation of privacy in [their] physical location and movements." *Id.* The second line of cases addressed the third party doctrine. *Id.* at 308. The Court concluded that the third party doctrine should not be extended to what it characterized as "novel circumstances" given the "unique nature" of the information that could be gleaned from an individual's movements. *Id.* at

2

310-13.

The Court rejected the government's arguments that the third party doctrine should govern, in part, because of the pervasive nature of cell phones in modern life. It reasoned that cell-phone users generally do not have a meaningful way to prevent the collection of location information so "in no meaningful sense does the user voluntarily assume the risk of turning over a comprehensive dossier of his physical movements." *Id.* at 315. Therefore, the Court held that the government invaded the defendant's reasonable expectation of privacy in his movements and had conducted a "search" for Fourth Amendment purposes. *Id.* at 313, 315. It emphasized, however, that the holding was "narrow" and did "not disturb the application of … *Miller* or call into question …business records that might incidentally reveal location information." *Id.* at 316.

There is no binding authority addressing this issue, but Powell's argument, while creative, has not fared well with other courts. *See, e.g., United States v. Hall*, 28 F.4th 445, 458-59 (3rd Cir. 2022); *Evans v. Comm'r of Soc. Sec.*, No. Civ. 24-1360, 2024 WL 2301368, at *2 (E.D. Pa. May 20, 2024); *United States v. Bressi*, No. 19-CR-00207-MWB, 2023 WL 3011848, at *11 (M.D. Pa. April 19, 2023); *Zietzke v. United States,* 426 F. Supp. 3d 758, 769 (W.D. Wash. 2019); *United States v. Moiseev*, 364 F. Supp. 3d 23, 25 (D. Mass. 2019).

In *Zietkze*, the court considered a motion to quash and IRS summons, and this Court finds it instructive. The petitioner argued the summons violated his right to privacy, which placed the court in "the unenviable position of trying to reconcile *Miller* and *Carpenter* to determine what makes a person's expectation of privacy in bank records less reasonable than their expectation of privacy in" cell-site location information. 426 F. Supp. 3d at 768. The court determined that *Carpenter* did not apply and that the financial records at issue were no different from the records at issue in *Miller*. The court reasoned that the records "were exposed to and belonged to" Bitcoin. *Id.* It also reasoned that, unlike the cell site location information, Bitcoin's records "did not implicate Petitioners anticipation of privacy in his physical location or his expectation of privacy in the whole of his physical movements." *Id.* at 769 (cleaned up).

Powell makes the argument that because of the temporal scope of the subpoena, the Government could use the records to gain "an intimate window" into his daily life and

3

movements. *See Carpenter*, 585 U.S. at 311. As in *Miller*, however, the content of the records relate to commercial transactions between Powell and third-parties. Powell ultimately may persuade a higher court than this, but the Court finds that the third party doctrine governs the outcome here.

Accordingly, the Court DENIES Powell's motion to suppress.[3]

**IT IS SO ORDERED**.

Dated: June 25, 2024

_____
JEFFREY S. WHITE
United States District Judge

---

[3] To be clear, the Court expresses no opinion on the admissibility of these records should this case proceed to trial.