UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STACCATO POWELL, and SHEILA QUINTANA,<br><br>Defendants. | Case No. 22-cr-00003-JSW-1<br><br>**ORDER DENYING MOTIONS TO DISMISS AND FOR BILL OF PARTICULARS AND INSTRUCTIONS TO PARTIES**<br><br>Re: Dkt. Nos. 92, 94 |

This matter comes before the Court upon consideration of motions to dismiss and for a bill of particulars or to strike allegations, filed by Defendants Staccato Powell ("Powell") and Sheila Quintana ("Quintana"). The Court has considered the parties' papers, relevant legal authority, and the record in this case and HEREBY DENIES the motions.

## BACKGROUND

On January 22, 2022, the Grand Jury returned an Indictment charging Powell and Quintana with one count of conspiracy to commit wire fraud and mail fraud, in violation of 18 U.S.C. section 1349, and with two counts of wire fraud, in violation of 18 U.S.C. section 1343. The Grand Jury also charged Powell with one count of mail fraud, in violation of 18 U.S.C. section 1341.

According to the allegations in the Indictment, Powell is a former bishop of the African Methodist Episcopal Zion church ("AME Zion"). In 2016, Powell was selected as Bishop for the Western District of the AME Zion church, which is comprised of churches in Alaska, Arizona, California, Colorado, Oregon, and Washington. (Indictment ¶ 6.) On or about October 28, 2016, Powell, Quintana, and others not named in the Indictment formed a California corporation known

as AME Zion Western Episcopal District Incorporated ("WED Inc."). (*Id.* ¶ 10.) Powell is listed as the Chief Executive Officer and Quintana is listed as the Chief Financial Officer of WED, Inc. in numerous filings with the California Secretary of State. (*Id.* ¶ 12.)

The governing body of the AME Zion church is the General Conference. Between quadrennial meetings of that body, a Board of Bishops administers the church in accordance with a set of rules laid out in the *Book of Discipline*. (*Id.* ¶¶ 1-2, 8.) The Government alleges the *Book of Discipline* "identifies the required mechanisms for transferring and encumbering properties, and further identifies the appropriate ownership status for congregational places of worship including specific title requirements." (*Id.* ¶ 3; *see also id.* ¶¶ 4-5 (citing *Book of Discipline* ¶¶ 394 and 398).)

The Government alleges that Powell and Quintana concocted a scheme to defraud the AME Zion church, and its congregations, by fraudulently obtaining title to AME Zion church property throughout the Western United States, using AME Zion church property as collateral for loans, and using portions of the loan proceeds to enrich themselves. (*Id.* ¶ 14.) For example, the Government alleges that Powell and Quintana were able to change deeds to AME Zion church properties by "using forged signatures or other misrepresentations to create or obtain resolutions purporting to confirm congregational approval of their scheme." (*Id.* ¶ 15.) In other cases, Powell allegedly falsely represented to AME Zion church pastors that their deeds were not compliant with the rules in the *Book of Discipline* and convinced them to sign grant deeds over to WED, Inc. (*Id.*)[1]

The wire fraud charges are contained in Counts Two and Three. Count Two is based on a wire transfer in the amount of $1,135,128.56, via FedWire from Green Escrow Services, Inc.'s Mechanics Bank Account to WED, Inc.'s Bank of Stockton account on December 27, 2017. Count Three is based on a wire transfer in the amount of $14,000.00, via FedWire from WED, Inc.'s Wells Fargo account to SN Servicing's account on November 15, 2019. The mail fraud

---

[1] On July 30, 2020, WED, Inc. filed for bankruptcy protection in the United States Bankruptcy Court for the Eastern District of California (the "Bankruptcy Proceedings"). (Indictment ¶ 13.)

2

charge is premised on a grant deed to the AME Zion Church, also known as the First Church of Los Angels, that Powell sent via Federal Express from Georgia to San Ramon, California on December 29, 2017.

The Court will address additional facts as necessary in the analysis.

## ANALYSIS

**A.   Motions to Dismiss.[2]**

   **1.   Applicable Legal Standard.**

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "A motion to dismiss is generally capable of determination before trial if it involves questions of law rather than fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). However, the Court "may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motions so long" its findings do not invade the province of the jury. *Id.* To resolve a motion to dismiss, a court generally looks to the allegations in the indictment, which it must accept as true. *United States v. Kelly*, 874 F.3d 1037, 1046-47 (9th Cir. 2017) (internal citations omitted).

   **2.   Due Process.**

Defendants argue that the Indictment fails to provide them with adequate notice of the charges.

> An indictment will withstand a motion to dismiss if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge.

*United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994) (internal quotations and citation omitted). "The Supreme Court has held that it is acceptable for an indictment to set forth the offense in the

---

[2]   In the motion for a bill of particulars, Defendants argue the Indictment should be dismissed on due process grounds. The Court addresses that argument in this section of the Order.

language of the statute itself provided that the language clearly sets forth all the requisite elements of the offense without ambiguity." *Id.* (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citations omitted)).

In Counts Two through Four, the Government provides Defendants with the details of the particular transactions that form the wire fraud and mail fraud charges, including the dates on which the transactions occurred, the specific transaction at issue, and for the wire fraud charges the amount of the transaction. The Court also concludes that the allegations in paragraphs 14 through 42 provide Defendants with sufficient detail about the alleged conspiracy to satisfy due process concerns. *Cf. United States v. Geise*, 571 F.2d 1170, 1178-79 (9th Cir. 1979) (rejecting defendant's argument that conspiracy charge was overbroad and vague).

### 3. First Amendment.

Defendants also argue that Indictment must be dismissed because it violates the Establishment and Free Exercises Clauses of the First Amendment. Defendants do not argue the mail or wire fraud statutes are unconstitutional. *Compare United States v. Alderman*, 565 F.3d 641, 644 (9th Cir. 2009) (addressing commerce clause challenge to 18 U.S.C. § 931). Rather, they contend that to determine if their alleged scheme was fraudulent, a jury must adopt the Government's position of how the *Book of Discipline* should be interpreted and applied.

Although, the Government does allege that "Powell falsely represented that … deeds were not compliant with the Book of Discipline," the charges against the Defendants do not hinge on a finding that their actions were inconsistent with the Book of Discipline. (Indictment ¶¶ 15-16.) Accepting the allegations as true, the Court concludes that on this record, the Indictment does not violate Defendant's First Amendment Rights under either the Establishment Clause or the Free Exercise clause.

Accordingly, the Court DENIES Defendants' motion to dismiss. This ruling is without prejudice to Defendants renewing their First Amendment challenge at a later date.

### B. Motion for Bill of Particulars.

Although the Court concludes that the Indictment provides Defendants with adequate notice of the charges, it has considered their motion for a bill of particulars and the thirteen

4

categories of information they seek from the Government. A "bill of particulars has three functions: 'to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague, and indefinite for such purposes.'" *Giese*, 597 F.2d at 1180 (quoting *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976)). A defendant may not use a motion for a bill of particulars to obtain full discovery of the government's evidence. *Id.* at 1181. When a court is considering whether to order a bill of particulars, it "should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).

Defendants argue the Court should require the Government to identify the overt acts that support the conspiracy. The Government argues that a Section 1349 conspiracy does not require overt acts. The Court once again need not resolve that dispute because even if that is an element of this charge, the Indictment specifies acts that form the basis of the conspiracy. Moreover, "there is no requirement in conspiracy cases that the government disclose even all the overt acts in furtherance of the conspiracy." *Geise*, 597 F.2d at 1180.

The Court also concludes that the remainder of the Defendants' requests go beyond the function of a bill of particulars and seek information that would require the Government to disclose the evidence it may rely on at trial. *See, e.g., United States v. DiCesare*, 765 F.2d 890, 897-98 (9th Cir. 1985) (rejecting defendants' request for a bill of particulars to obtain the names of unknown co-conspirators because no unfair prejudice or surprise would result); *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963) (function of bill of particulars is "not to provide a defendant with names of government witnesses"). *Id.* (internal citation and quotations omitted).

//
//
//
//

Accordingly, the Court DENIES Defendants' motion for a bill of particulars.[3] The parties shall appear as scheduled on July 16, 2024 for a status. They shall file a joint status report by July 9, 2024, that also addresses whether the time between June 25, 2024 and July 16, 2024 should be excluded from the Speedy Trial Act calculation.

**IT IS SO ORDERED**.

Dated: June 25, 2024

_____
JEFFREY S. WHITE
United States District Judge

---

[3] Defendants asked the Court to strike allegations from the Indictment as an alternative remedy. Because the Court concludes there are no deficiencies, it denies this request as well.