UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STACCATO POWELL,<br><br>Defendant. | Case No. 22-cr-00003-JSW-1<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION TO QUASH SUBPOENAS**<br><br>Re: Dkt. No. 143-1 |

This matter comes before the Court upon consideration of the motion to quash filed by non-party African Methodist Episcopal Zion Church ("AME Zion" or "the Denomination"). The Court has considered the parties' briefs, declarations, relevant legal authority, the record, and has had the benefit of oral argument. For the following reasons, the Court GRANTS, IN PART, AND DENIES, IN PART, the Denomination's motion.

**BACKGROUND**

On January 22, 2022, the Grand Jury returned an Indictment charging Staccato Powell ("Mr. Powell") and Shiela Quintana ("Ms. Quintana") with one count of conspiracy to commit wire fraud and mail fraud, in violation of 18 U.S.C. section 1349, and with two counts of wire fraud, in violation of 18 U.S.C. section 1343. The Grand Jury also charged Mr. Powell with one count of mail fraud, in violation of 18 U.S.C. section 1341.

The facts underlying the charges, and the procedural history of this motion are set forth in an Order dated February 5, 2025, in which the Court granted, in part, the Denomination's motion. (*See* Dkt. No. 163, Order at 1:24-3:25.) In brief, the Government alleges that Mr. Powell, who was elected Bishop of the Denomination's Western Episcopal District in 2016, and Sheila Quintana ("Ms. Quintana") fraudulently obtained title to AME Zion properties throughout the

Western United States, used those properties as collateral for loans, and then used the loan proceeds to enrich themselves. (Indictment ¶ 14.)

The Government alleges that to effectuate their scheme, Mr. Powell and Ms. Quintana formed a California corporation, AME Zion Western Episcopal District, Inc. ("WED, Inc."). WED, Inc. has filed for bankruptcy protection in the United States Bankruptcy Court for the Eastern District of California. The Denomination and some of the local churches within the Western Episcopal District filed adversary proceedings in the Bankruptcy proceedings. Mr. Powell is a party to two of those adversary proceedings.

The Court will address the document requests at issue and additional facts as necessary in the analysis.

**ANALYSIS**

**A.    Applicable Legal Standard.**

Federal Rule of Criminal Procedure 17(c)(1) permits a court to direct that a witness "produce the designated items in court before trial or before they are to be offered in evidence." The Rule also provides that "[w]hen the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." A party seeking documents prior to trial pursuant to Rule 17

> must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition.

*United States v. Nixon*, 400 U.S. 683, 699-700 (1974).

Rule 17 is "not intended to provide an additional means for discovery." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). A court may quash a subpoena for documents "if their production would be unreasonable or oppressive, but not otherwise." *Nixon*, 400 U.S. at 698 (internal quotations omitted); *see also* Fed. R. Crim. P. 17(c)(2) ("On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive."). "Federal courts have recognized various ways in which a subpoena may be unreasonable or

oppressive under Rule 17(c)," such as when a subpoena calls for production of irrelevant documents, is overly vague, or is excessively broad. *In re Grand Jury Subpoena for THCF Medical Clinic Records*, 504 F. Supp. 2d 1085, 1088 & ns. 1-4 (E.D. Wash. 2007) (citing cases).

**B.     The Court Quashes the Subpoena to the Western Episcopal District.[1]**

Powell asked that the Western Episcopal District produce

1. All recordings and minutes for all check-up meetings for the churches within the Western Episcopal District [for the period 2016 to the present].

2. All recordings and minutes for all quarterly conference meetings for the churches within the Western Episcopal District [for the period 2016 to the present].

The Court concludes that Mr. Powell has met his burden to identify the documents he seeks with specificity as to time and as to the type of documents he seeks. Mr. Powell has been charged with mail fraud and wire fraud. The existence of a scheme to defraud and a specific intent to defraud are essential element of each charge. *See, e.g., United States v. Jinian*, 725 F.3d 954, 960 (9th Cir. 2013); *United States v. Manion*, 339 F.3d 1153, 1156 (9th Cir. 2003). Mr. Powell argued that the contents of these documents are relevant to those elements. He also argues that what the documents do not contain is as relevant as what they do contain.[2] Having considered counsel's declaration, the Court concludes that Mr. Powell provided "a substantial foundation for believing" these documents would furnish "defensive matter." *United States v. Reed,* 726 F.2d 570, 576-77 (9th Cir. 1984).

However, the Court concludes the Denomination has established that production of these documents would be unduly burdensome. The Western Episcopal District is a geographic region that consists of "all AME Zion local churches within … Alaska, Arizona, California, Colorado,

---

[1] The Western Episcopal District is not a separate entity. Mr. Powell explained at the hearing that this subpoena was served on the Denomination and was directed to the Western Episcopal District to clarify that he was not seeking documents relating to check-up meetings or quarterly conferences from other episcopal districts.

[2] This argument is explained more fully in the *ex parte* and under seal portions of counsel's declaration opposing the motion to quash. (*See, e.g.,* Dkt. No. 155-3, Declaration of Samantha Jaffe ("Sealed Jaffe Decl."), ¶¶ 4, 7.)

Oregon, and Washington." (Dkt. No. 143-3, Declaration of Bishop Darin W. Moore ("Moore Decl."), ¶ 6.) Bishop Moore attested that there are over 50 local congregations within the Western Episcopal District. (*Id.*, ¶ 14.) At the hearing the Denomination stated there is not a single repository for these documents and that minutes are prepared by the local churches. Mr. Powell did not refute that argument.

Accordingly, the Court GRANTS the motion to quash the subpoena to the Western Episcopal District. This ruling is without prejudice.

### C. The Court Quashes, in part, the Subpoena to the Denomination.

The remaining requests at issue from the Denomination include "Requested Records" and "Historical Records".[3]

**1. Requested Records.**

**a. All Board of Bishops, General Conference, and Annual Conference meeting minutes and recordings from 2016 to the present.**

The Court concludes that this request is sufficiently limited and specific as to time and to the type of documents he seeks. Mr. Powell served as Bishop from 2016 to 2021. Mr. Powell's showing on why the documents would be evidentiary and relevant also demonstrates that production of documents that post-date his tenure is appropriate.

Mr. Powell attests that he only seeks minutes and recordings of meetings where he was mentioned or was present. (Dkt. No. 154-2, Redacted Declaration of Samantha Jaffe ("Red. Jaffe Decl."), ¶ 8.) As discussed above, Mr. Powell argues these documents go to whether there was a scheme to defraud and to his intent. The Court concludes that Mr. Powell has met his burden for purposes of this motion to show these documents would be evidentiary and relevant, rather than a means to obtain further discovery. (Sealed Jaffe Decl., ¶¶ 7, 10.)

These requests encompass eight years of Annual Conference minutes, and Bishop Moore attests that the General Conference convenes once every four years. (Moore Decl., ¶¶ 12, 17.)

---

[3] The Court GRANTS the motion to quash the request for deposition transcripts. Based on argument at the hearing, Mr. Powell may be able to obtain those materials directly from the Bankruptcy Court. This ruling is without prejudice to Mr. Powell filing a renewed Rule 17 application.

The Denomination offered no argument about how frequently the Board of Bishop meets. The Court concludes that the Denomination has not shown it would be unreasonable or burdensome to produce these documents.

Accordingly, the Court DENIES the motion to quash this request but MODIFIES it to limit it to meetings or recordings where Mr. Powell was present or was discussed.

        **b.**      **Any correspondence with or about Mr. Powell (emails, letters, text messages, physical letters, phone calls) from 2016 to the present.**

For the reasons discussed in subsection a., the Court concludes Mr. Powell has met his burden to show that there is a substantial basis to believe that this request will yield documents that meet *Nixon's* relevance and admissibility requirements. (Sealed Jaffe Decl., ¶ 9.) The Court also concludes that the request is not overly broad in substance or in temporal scope. Finally, the Court concludes that the Denomination failed to show that production of any non-privileged documents would be unduly burdensome or oppressive.

    **2.**    **Historical Records.**

Mr. Powell asks for "[a]ny and all General Conference or Annual Conference minutes and recordings dealing with complaints of fraud involving church officials within the [Denomination]," "[a]ll documents related to any investigation by the [Denomination] of every fraud complaint," and "[r]ecords relating to the purchases of all episcopal district residences," from 2000 to the present.

With the benefit of argument from the Denomination, the Court finds the requests are overbroad in temporal scope. Based on Mr. Powell's explanation of relevance at the hearing and the showing in counsel's declaration, the Court concludes that Mr. Powell has provided a substantial basis to believe the first request, if limited in time, would yield defensive matter. (Sealed Jaffe Decl., ¶ 11.) The Court DENIES the motion to quash this request but MODIFIES and limits it to minutes and complaints of fraud from 2014 to the present, to provide a baseline for the time before and after Mr. Bishop served as Bishop.

Turning to the second request, it too is overbroad in terms of time and substance. The Court concludes that Mr. Powell has failed to provide a substantial basis to believe that this

request would yield defensive matter. The Court GRANTS the motion to quash this request, without prejudice.

Finally, with respect to the request relating to the purchase of episcopal district residences, Mr. Powell attests that he is only seeking records of purchases funded with church money, although that is not how he drafted his request. (Red. Jaffe Decl.,¶ 12.) He also is willing to limit this request to records from 2000 to the present. The Denomination argues that purchase records are publicly available. Mr. Powell did not refute that argument, either in briefing or at the hearing. Accordingly, because Mr. Powell fails to show these documents "are not otherwise procurable reasonably in advance of trial by exercise of due diligence," the Court GRANTS the motion to quash this request. This ruling also is without prejudice.

## CONCLUSION

The Court GRANTS, IN PART, AND DENIES, IN PART, the Denomination's motion to quash. The Denomination shall produce all non-privileged documents specified in this Order by no later than March 18, 2025. If the Denomination intends to withhold any documents based on a privilege, it shall produce a privilege log.

If the Denomination requires additional time to comply with this Order, it shall meet and confer with Defendant before seeking relief directly from the Court.

**IT IS SO ORDERED**.

Dated: February 18, 2025

JEFFREY S. WHITE
United States District Judge